UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LYNDA JOAN FOLK,

                       Plaintiff,

      -against-

LOUIS DEJOY, as Postmaster General for the
United Stated Postal Service,

                    Defendant.
------------------------------------------------------------------------X

FILED
CLERK
8:27 am, Jan 31, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
23-CV-9400(GRB)(JMW)

**GARY R. BROWN, United States District Judge:**

      Before the Court is an application to proceed *in forma pauperis* filed by Lynda Joan Folk ("Plaintiff"), acting *pro se*. *See* Docket Entry ("DE") 2. For the reasons that follow, Plaintiff's application to proceed *in forma pauperis* is denied without prejudice and with leave to renew upon filing the enclosed "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239) ("Long Form"). Alternatively, Plaintiff may pay the $405.00 filing fee.

      To qualify for *in forma pauperis* status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). "The purpose of the statute permitting litigants to proceed IFP [*in forma pauperis*] is to insure that indigent persons have equal access to the judicial system." *Davis v. NYC Dept. of Educ.*, 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing *Gregory v. NYC Health & Hospitals Corp.*, 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for *in forma pauperis* status is within the discretion of the district court. *Davis*, 2010 WL

3419671 at *1 (citing *DiGianni v. Pearson Educ.*, 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010)).  The court may dismiss a case brought by a plaintiff requesting to proceed *in forma pauperis* if the "allegation of poverty is untrue."  28 U.S.C. § 1915(e)(2)(A).

Plaintiff's application does not include sufficient information for the Court to determine her qualification for *in forma pauperis* status and raises more questions than it answers.  *See* DE 2, *generally*.  Plaintiff reports that she is employed and receives monthly pay in the net sum of $667.50 yet she left blank the space on the form that ask for her employer's name and address. *Id.* ¶ 2.  Additionally, Plaintiff reports that she has $2,600.00 in cash or money in an account, but has not included the amounts of any of her regular monthly expenses listed.  *Id.* ¶¶ 4, 6. In the absence of any financial information for items such as car insurance, rent, and utilities, it is impossible for the Court to find that Plaintiff qualifies to proceed *in forma pauperis*. Accordingly, Plaintiff can best set forth her current financial position on the Long Form.

For these reasons, Plaintiff's application to proceed *in forma pauperis* is denied without prejudice and with leave to renew upon filing the enclosed Long Form.  Alternatively, Plaintiff may pay the $405.00 filing fee.  Plaintiff is cautioned that, once paid, there are no refunds of the filing fee regardless of the outcome of the case.[1]  Plaintiff shall either file the Long Form or remit the filing fee within two (2) weeks of the date of this Order or this action will be dismissed without prejudice.

---

[1] Plaintiff would be well-advised to avail herself of the free resources provided by the *Pro Se* Legal Assistance Program ("PSLAP") run by Hofstra Law School in deciding how to proceed. Plaintiff may reach PSLAP by telephone at (631)297-2575 or by email at PSLAP@Hofstra.edu.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this Order as well as the Long Form application to the *pro se* plaintiff and note service on the docket report.

**SO ORDERED**.

/s/ Gary R. Brown

Dated:   January 31, 2024
        Central Islip, New York

**Hon. Gary R. Brown**
United States District Judge