Case 2:23-cv-09400-SJB-JMW   Document 45   Filed 07/02/26   Page 1 of 5 PageID #: 301

**FILED**
**CLERK**

**7/2/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------X

LYNDA J. FOLK,

> *Plaintiff,*

-against-

LOUIS DEJOY, *as Postmaster General for the*
*United States Postal Service,*

> *Defendant.*

--------------------------------------------X

**ORDER**

23-CV-09400 (SJB)(JMW)

**A P P E A R A N C E S:**

> Lynda J. Folk
> 1045 East Street, Apt #209
> Fort Atkinson, WI 53538
> *Pro Se Plaintiff*

> Robert W. Schumacher, II, Esq.
> U.S. Attorney's Office, E.D.N.Y.
> 610 Federal Plaza
> Central Islip, NY 11722
> *Attorney for Defendant*

**WICKS,** Magistrate Judge:

Over 170 years ago, Charles Dickens warned about litigation gridlock in *Bleak House* (1853), in which litigation can easily consume itself in endless, sometimes pointless, procedural skirmishes. While this case has not quite hit that mark, the inability to agree on a modest matter—like whether a plaintiff who resides in Wisconsin should be deposed remotely or in person in New York—the case is trending in that direction. At loggerheads on this very issue, Plaintiff Lynda Folk ("Plaintiff") now moves pursuant to Rules 26(c) and 30(b)(4) of the Federal

Rules of Civil Procedure for a protective order providing that Plaintiff's deposition be taken remotely. (ECF No. 40.) For the following reasons, Plaintiff's motion is **GRANTED.**

A "district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. V. Republic of Argentina*, 695 F.3d 201, 207 (2d. Cir. 2012) (citation omitted). In general, "the party noticing the deposition usually has the right to choose the location." *See Buzzeo v. Bd. of Educ.,* 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (citation omitted); *see also* Fed. R. Civ. P. 30(b)(1) (dictating that notice "must state the time and place of the deposition"); 7 Moore's Federal Practice, § 30.20[1][b][ii] (same). Notwithstanding, the Court in its discretion has the authority to designate the location of depositions. *JB Aviation, LLC v. R Aviation Charter Servs., LLC*, No. CV 14-5175, 2016 WL 4444794, at *4 (E.D.N.Y. Aug. 23, 2016); *Dubai Islamic Bank v. Citibank, N.A.*, No. 99-CV-1930 (RMB)(THK), 2002 WL 1159699, at *12 (S.D.N.Y. May 31, 2002) (citations omitted) ("In the end, the decision as to the location of the deposition lies within the discretion of the court."); *Sugarhill Records Ltd. v. Motown Record Corp.,* 105 F.R.D. 166, 171 (S.D.N.Y. 1985). That is, under Rule 26(c), the Court is vested with the authority to determine how and where a deposition should take place. *Sabhnani v. Mirage Brands, LLC*, No. 22-cv-00936 (JS) (JMW), 2022 WL 16965009, at *1 (E.D.N.Y. Nov. 16, 2022) (citing *Sugarhill*, 105 F.R.D. at 171). The same is true for determining whether the deposition should be in person or remote.

Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). "Since Rule 30(b)(4) does not specify the standards to be considered in determining whether to grant a request [for a remote] deposition ... the decision to grant or deny such an application is left to the discretion of the Court, which must balance

2

claims of prejudice and those of hardship ... and conduct a careful weighing of the relevant facts." *Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 574 (S.D.N.Y. 2020) (quoting *RP Fam., Inc. v. Commonwealth Land Title Ins. Co.*, No. 10 CV 1149 (DLI)(CLP), 2011 WL 6020154, at *3 (E.D.N.Y. Nov. 30, 2011)).

Here, pro se Plaintiff contends that her deposition should be taken remotely because traveling from Fort Atkinson, Wisconsin to Central Islip, New York "would impose significant undue burden, expense, and medical risk due to [her] health conditions." (ECF No. 40.) Defendant counters, arguing that Plaintiff failed to provide medical records that substantiate her claim. (ECF No. 41.) Defendant further argues that Defendant would be "greatly prejudiced" by having to conduct a virtual deposition due to increased costs and the potential repetition of past technical difficulties experienced by Plaintiff in prior virtual proceedings. (*Id.*)

"For a party to have the deposition conducted remotely, ordinarily the application must contain more than a conclusory statement for such relief." *Rohan v. Simon Mgmt. Assocs., LLC*, No. 24-CV-04042 (SJB) (JMW), 2025 WL 1047739, at *2 (E.D.N.Y. Mar. 22, 2025); *compare, e.g.*, *Stapleton v. Prince Carpentry, Inc.*, No. 22-cv-004044 (JS) (JMW), 2023 WL 1785547, at *1 (E.D.N.Y. Feb. 6, 2023) (denying plaintiff's motion for a remote deposition, despite plaintiff's stated concerns about contracting COVID, because her motion was "not supported by evidence"), *with, e.g.*, *PC-41 Doe v. Poly Prep Country Day School*, No. 20-CV-03628-DG-SJB, 2022 WL 420619, at *1, *3 (E.D.N.Y. Jan. 20, 2022) (granting plaintiff's motion for remote deposition where the motion "provided specific articulated facts about the [COVID] risks faced by him and his family from travel and in-person depositions"). There must be "some factual support and particularized basis" to justify altering or modifying the noticing party's choice of deposition logistics. *Rohan*, 2025 WL 1047739, at *2.

3

Here, Plaintiff's motion for protective order is based on her financial and medical conditions. As to her medical condition, Plaintiff claims that traveling to New York from Wisconsin would impose medical risks. (ECF No. 40.) However, Plaintiff does not provide medical records or other documentation to substantiate her claim. *See Rohan*, 2025 WL 1047739, at *2-3 (denying a plaintiff's motion for protective order after plaintiff failed to provide medical records to substantiate her claim that participating in an in-person deposition would cause medical difficulties). Absent this documentation, the Court finds that Plaintiff has failed to substantiate her claim of undue medical burden.

That does not end the inquiry, however. Plaintiff further argues that travelling to New York would impose significant financial hardship. (ECF No. 40.) Before permitting a plaintiff to appear at their deposition remotely on account of financial burden, courts typically require sufficient detail of the plaintiff's financial position to demonstrate that traveling would indeed be cost prohibitive. *Compare Est. of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 388, 391 (S.D.N.Y. 2011) (granting a plaintiff's motion for remote deposition after she provided "a sworn declaration and exhibits that adequately establishe[d] her tenuous financial position and the burden that travel . . . would impose on her"), *with Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 940 (S.D.N.Y. 1984) (denying a plaintiff's motion for remote deposition after he failed to substantiate his claim of financial hardship with financial records). Here, Plaintiff provided detailed records of her financial situation in her motion to proceed *in forma pauperis*, which was granted by the Court. (ECF No. 12.) Travelling to New York—including airfare both ways, food, and lodging—would cost hundreds of dollars at a minimum. In light of Plaintiff's financial situation as demonstrated in her *in forma pauperis* application, the Court concludes that travelling would constitute a significant financial hardship for her.

Defendant, for its part, contends that conducting the deposition remotely would pose a "financial and logistical burden" on Defendant. (ECF No. 41.) Defendant intends to refer to a "voluminous amount of documents" during Plaintiff's testimony. (*Id.*) Furthermore, Defendant represents that Plaintiff "had numerous technical difficulties trying to participate remotely" at a settlement conference conducted earlier in this matter. (*Id.*)

After carefully balancing the burdens faced by Plaintiff weighed against those of Defendant, the Court concludes that the deposition of Plaintiff should proceed remotely. If technical issues impede the examination of Plaintiff by Defendant, a subsequent application for an in-person deposition may be made and costs may be assessed at that time. Accordingly, the deposition of Plaintiff shall proceed by remote platform. Furthermore, Plaintiff is directed to take necessary steps to ensure beforehand that her computer and internet access are working properly and that she has sufficient bandwidth to support a remote deposition platform.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion requesting that her deposition be taken remotely (ECF No. 40) is **GRANTED**. Plaintiff is forewarned that, should technical difficulties arise during the deposition that impede the examination of Plaintiff, a subsequent in-person deposition may be ordered, and, depending on the circumstances, the Court in its discretion may order Plaintiff to reimburse Defendant for any costs incurred with the remote deposition.

Dated:  Central Islip, New York.
         July 2, 2026

**S O  O R D E R E D,**

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

5