**FILED
CLERK**

**7/2/2026**

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------X

LYNDA J. FOLK,

                        *Plaintiff,*

            -against-

LOUIS DEJOY, *as Postmaster General for the
United States Postal Service,*

                        *Defendant.*

-----------------------------------------------X

**ORDER**

23-CV-09400 (SJB)(JMW)

**A P P E A R A N C E S:**

Lynda J. Folk
1045 East Street, Apt #209
Fort Atkinson, WI 53538
*Pro Se Plaintiff*

Robert W. Schumacher, II, Esq.
U.S. Attorney's Office, E.D.N.Y.
610 Federal Plaza
Central Islip, NY 11722
*Attorney for Defendant*

**WICKS,** Magistrate Judge:

Plaintiff alleges claims of employment discrimination/hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. (the "ADEA") arising from Plaintiff's termination from her employment with the Postal Service in 2019.  The latest discovery kerfuffle evolves around Defendant's service of authorization forms as to (i) Plaintiff's medical providers to produce medical records, and (ii) the Internal Revenue Service ("IRS") for her tax returns.

For the reasons stated below, Plaintiff's motion for a protective order is (ECF No. 43) is granted in part and denied in part.

## I.    THE LEGAL FRAMEWORK

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088 (RMB)(HBP), 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401).  Moreover, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92-CV-8430 (PLK), 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994).  To that end, the discovery sought by the parties must be, as stated by Rule 26, proportional to the needs of the case, taking into consideration such aspects as the importance of the issues, the amount in controversy, the parties' resources and access to the information sought, and the importance of the information sought to the asserted claims or defenses. *Sibley v. Choice Hotels Int'l*, No. 14-CV-634 (JS)(AYS), 2015 WL 9413101, at *2–3 (E.D.N.Y. Dec. 22, 2015).

"Rule 26 has defined the scope of discovery to consist of information that is relevant to the parties' 'claims and defenses.'" *Pothen v. Stony Brook Univ.*, No. 13-CV-6170 (JFB)(AYS), 2017 WL 1025856, at *2 (E.D.N.Y. Mar. 15, 2017).  "Thus, the discretionary authority to allow discovery of 'any matter relevant to the subject matter involved in the action' has been eliminated," and permissible discovery under Rule 26 must be relevant "to any party's claim or defense," and that means "proportional to the needs of the case." *Id.* at *3 (citing Fed. R. Civ. P. 26(b)(1)).  Proportionality goes "hand-in-hand" with relevance. *New Falls Corp. v. Soni*, No. 16-CV-6805 (ADS)(AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020).  That is, the

2

more relevant the information sought is, the less likely the Court would find the subject

discovery disproportionate. *Id.*

### a.  The Medical Authorizations:

New York has long recognized a physician-patient privilege, which protects the

information acquired by a medical professional "in attending a patient in a professional capacity,

and which was necessary to enable the medical professional to act in that capacity." *Hasemann*

*v. Gerber Prods. Co.*, Nos. 15-CV-2995, 16-CV-1153, 2:17-CV-0093 (MKB)(RER), 2018 WL

5651357, at *1 (E.D.N.Y. Oct. 9, 2018) (citing N.Y. C.P.L.R. § 4504(a). "A party who

affirmatively places his or her physical or mental condition in issue has waived any physician-

patient privilege that may attach to the records of that condition and must provide duly-executed

and acknowledged written authorizations for their release." *Connolly v. Peerless Ins. Co.*, No.

10-CV-789 (ADS)(WDW), 2011 WL 13305348, at *5 (E.D.N.Y. Apr. 22, 2011) (citing *Corbey*

*v. Allam*, 871 N.Y.S.2d 712, 713 (App. Div. 2d Dep't 2009)). "Defendant is certainly entitled to

explore whether the injuries Plaintiff claims resulted from Defendant's conduct were in fact

caused by someone else or resulted from some pre-existing condition." *Vargas v. United States*,

401 F. Supp. 3d 346, 347-48 (E.D.N.Y. 2018) (granting motion to compel HIPAA releases for all

health care providers the plaintiff had seen).   It naturally follows then that "[w]hen the mental or

physical condition of the plaintiff is in issue, the physician-patient privilege is waived and cannot

be invoked to foreclose discovery of relevant evidence." *Davis v. Ross*, 107 F.R.D. 326, 329

(S.D.N.Y. 1985) (citing New York law).  That is, one cannot sue for an injury on the one hand

and on the other, deny access to what could be relevant prior medical history or pre-conditions.

However, this so-called "at issue waiver" is not boundless.  Putting one's medical

condition at issue is generally not considered a "wholesale" affair. *See Carter v. Fantauzzo*, 684

N.Y.S.2d 384, 385 (App. Div. 4th Dep't 1998) ("[W]aiver, however, does not permit wholesale discovery of information regarding the protected party's physical and mental condition.") (citation omitted).  A party waives privilege "only with respect to the physical and mental conditions affirmatively placed in controversy." *Connolly*, 2011 WL 13305348, at *5 (citing New York law); *McLane v. Damiano*, 762 N.Y.S.2d 814, 814 (App. Div. 2d Dep't 2003) ("[A] party does not waive the privilege with respect to unrelated illnesses or treatments."). Additionally, waiver may result when "the patient personally, or through his witnesses, either lay or medical, introduces testimony or documents concerning privileged information . . . It also results from failure to object to disclosure of privileged information[.]" *See Palma v. Harnick*, 817 N.Y.S.2d 640, 642 (App. Div. 2d Dep't 2006).  To this end, the Court considers, *inter alia*, the allegations in the pleadings and the injuries claimed.

The party seeking discovery bears the burden of establishing relevance.  *See Mandell v. The Maxon Co., Inc.*, No. 06-CV-0460 (RWS), 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance.").  The rule is not different when it comes to a party seeking medical records from an adverse party. That is, "[t]he burden of proving that a party's mental or physical condition is in controversy, for purposes of obtaining relevant . . . records, is on the party seeking the records." *Budano v. Gurdon*, 948 N.Y.S.2d 612, 615 (App. Div. 1st Dep't 2013).  However, once the party seeking disclosure has met its initial burden of showing that the resisting party put a particular condition at issue, the burden shifts to the resisting party to show that the information sought remains privileged.  *See Palma*, 817 N.Y.S.2d at 642.

Plaintiff here complains as a direct result of the Postal Service's alleged wrongdoing that she sustained a variety of medical conditions and seeks hundreds of thousands of dollars in

4

damages related thereto. (*See* ECF No. 44, at Ex. A ¶ 17-19.) The medical conditions listed include: "Heart Attack, Stent placement"; "Medication"; "medical tests and rehabilitate"; "pain, suffering, emotional distress, humiliations, loss of enjoyment of life"; and "appearance has changed, her strength is limited and her hair is now white". (*Id.*) Plaintiff also lists in her Interrogatory responses at paragraph 20, four healthcare providers. There appears to be no limitation on the type or scope of medical conditions for which she seeks recovery. Plaintiff's broad categories of alleged harm and damage place them into issue by virtue of her allegations in this litigation. This differs from situations where broad authorizations are sought but only particular injuries are claimed to be caused by the accident. *See, e.g.*, *Watt v. AvalonBay Communities, Inc.*, 22-CV-07671 (JMW), 2023 WL 5179634 (E.D.N.Y. Aug. 11, 2023) (limiting discovery only to conditions at issue and relevant). Accordingly, the motion for a protective order as to the medical authorizations is denied.

    b. **The IRS Authorizations:**

Providing no legal support or authority, Defendant seeks Plaintiff's tax return authorizations on the grounds that

> Plaintiff seeks hundreds of thousands of dollars in full-time 'back pay' to make her 'whole'. Ex. A at ¶ 17.a. In connection with this, Defendant should be permitted to discover information showing that Plaintiff failed to mitigate her damages by seeking other commensurate employment and earnings. To the extent that Plaintiff failed to mitigate her damages, and in the event she is awarded back pay at trial, Defendant requires information about Plaintiff's earnings for the four years prior to her USPS employment to show that back pay recovery, if any, must be calculated with consideration of imputed income commensurate with Plaintiff's credentials and/or earning history.

ECF No. 44, at 3.

Although tax returns may be discoverable, "courts are cautious in ordering their production and have ordered such disclosure only upon satisfaction of a two-prong test: (1)

5

relevance and (2) compelling need because the information is not otherwise readily available." *Boyer v. Riverhead Cent. Sch. Dist.*, No. CV054955SJFAKT, 2006 WL 8441510, at *2 (E.D.N.Y. Oct. 5, 2006); *accord E.E.O.C. v. First Wireless Grp., Inc.*, 225 F.R.D. 404, 406 (E.D.N.Y. 2004) (endorsing this two-pronged test).  In *Boyer*, the plaintiff brought suit under the ADEA after her job application was denied in 2002.  2006 WL 8441510, at *1. The defendant sought tax returns back to 1997—five years before the plaintiff had applied for the job—and the plaintiff objected on the grounds that the returns were irrelevant.  *Id.* at *2.  The court disagreed, finding the plaintiff's "past and present earnings are relevant to the issue of damages."  *Id.* Nevertheless, the court found the requested discovery failed on prong two, because the relevant information could be obtained through less intrusive means than tax returns, namely W-2 tax forms.  *Id.* ("I am directing Plaintiff to provide duly executed authorizations consenting to the release of her W-2 tax forms for the last 5 years.  If Defendants require more information that what the W-2 forms show, they must make an application to me showing what additional information is necessary.").

Here, as in *Boyer*, although Plaintiff's earnings history may be relevant to the question of mitigating damages, Defendant does not explain why the same information cannot be obtained through less obtrusive means than tax returns.  *See Marseet v. Rochester Inst. of Tech.*, No. 20-CV-7096FPG, 2023 WL 1097969, at *9 (W.D.N.Y. Jan. 30, 2023) (denying the defendant-employer's request for tax returns, because the relevant information could be obtained from "W-2 forms, wage statements, and 1099s"); *Carmody v. Vill. of Rockville Ctr.*, No. CV05-4907(SJF)(ETB), 2007 WL 2042807, at *3 (E.D.N.Y. July 13, 2007) (denying the defendant-employer's request for tax returns, "without prejudice to renewal following Plaintiff's deposition").

Accordingly, Plaintiff's motion for a protective order as to her tax returns is granted.

Defendant must first attempt to obtain the information it seeks via less intrusive means.

### CONCLUSION

Plaintiff's motion for a protective order (ECF No. 43) is denied as to medical authorizations but granted as to the IRS authorizations. Plaintiff is directed to provide Defendant with the executed medical authorization on or before **July 8, 2026**. The Clerk of the Court is directed to serve copies of this Order upon Plaintiff by regular mail and email.

Dated: Central Islip, New York
July 2, 2026

S O  O R D E R E D:

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

7