**FILED**
**CLERK**

7/15/2026 2:20 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

LYNDA J. FOLK,

*Plaintiff,*

-against-

LOUIS DEJOY, *as Postmaster General for the*
*United States Postal Service,*

*Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**ORDER**

23-CV-09400 (SJB)(JMW)

**A P P E A R A N C E S:**

Lynda J. Folk
1045 East Street, Apt #209
Fort Atkinson, WI 53538
*Pro Se Plaintiff*

Robert W. Schumacher, II, Esq.
U.S. Attorney's Office, E.D.N.Y.
610 Federal Plaza
Central Islip, NY 11722
*Attorney for Defendant*

**WICKS,** Magistrate Judge:

Plaintiff alleges claims of employment discrimination/hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq. (the "ADEA") arising from Plaintiff's termination from her employment with the Postal Service in 2019.  Presently before the Court is Plaintiff's motion to compel the production of documents. (ECF No. 48.)

For the reasons stated below, Plaintiff's motion is denied.

## THE LEGAL FRAMEWORK

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088 (RMB)(HBP), 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Moreover, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92-CV-8430 (PLK), 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994). To that end, the discovery sought by the parties must be, as stated by Rule 26, proportional to the needs of the case, taking into consideration such aspects as the importance of the issues, the amount in controversy, the parties' resources and access to the information sought, and the importance of the information sought to the asserted claims or defenses. *Sibley v. Choice Hotels Int'l*, No. 14-CV-634 (JS)(AYS), 2015 WL 9413101, at *2–3 (E.D.N.Y. Dec. 22, 2015).

"Rule 26 has defined the scope of discovery to consist of information that is relevant to the parties' 'claims and defenses.'" *Pothen v. Stony Brook Univ.*, No. 13-CV-6170 (JFB)(AYS), 2017 WL 1025856, at *2 (E.D.N.Y. Mar. 15, 2017). "Thus, the discretionary authority to allow discovery of 'any matter relevant to the subject matter involved in the action' has been eliminated," and permissible discovery under Rule 26 must be relevant "to any party's claim or defense," and that means "proportional to the needs of the case." *Id.* at *3 (citing Fed. R. Civ. P. 26(b)(1)). Proportionality goes "hand-in-hand" with relevance. *New Falls Corp. v. Soni*, No. 16-CV-6805 (ADS)(AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020). That is, the more relevant the information sought is, the less likely the Court would find the subject discovery disproportionate. *Id.*

## **DISCUSSION**

Plaintiff served upon Defendant a request for production of all materials related to a certain investigation in or around 2022–23 "at the Bayport Post Office." (ECF No. 48 at 1.) According to Plaintiff, that investigation "addressed the same workplace and the same managers" involved in the alleged acts that gave rise to Plaintiff's claims here, and it "resulted in the removal of two abusive managers from the Bayport facility." (*Id.*) The materials sought are therefore relevant, according to Plaintiff, in that the investigation "confirmed a continuing pattern of abusive conduct at Bayport." (*Id.*)

Defendant opposes the request, arguing that "the information requested has no relevance to Plaintiff's instant claims." (ECF No. 50 at 1.) Defendant emphasizes that Plaintiff is seeking information about "a workplace complaint lodged by a different employee (Ms. Whitehead) approximately *four years* (2022-23) after Plaintiff's termination from a position she held for two months (in 2019)." (*Id.* at 2 (emphasis in original).) Moreover, the complainant there held the position of "clerk," whereas Plaintiff was a letter carrier. (*Id.*) At bottom, Defendant maintains that "evidence to support Plaintiff's claims cannot be derived from documents regarding allegations of workplace discrimination raised by a different employee, who held a different position, approximately four years after Plaintiff's termination." (*Id.*)

In reply, Plaintiff clarifies that the 2022–23 investigation "addressed allegations of abusive conduct by the **identical managers** who supervised Plaintiff and participated in the decisions regarding her employment." (ECF No. 51 at 1 (emphasis in original).) As such, Plaintiff maintains that the discovery sought is probative of "whether the conduct was severe and pervasive," among other things. (*Id.*)[1]

---

[1] Plaintiff also emphasizes that the 2022–23 investigation took place simultaneously with Plaintiff's "grievance process" in this case. (ECF No. 51 at 1–2; *see also* ECF No. 48.) That is irrelevant. The fact

As a general matter, Plaintiff is correct that subsequent allegations of discrimination can under certain circumstances be relevant. *See Browne v. New York State Dep't of Corr. & Cmty. Supervision*, No. 21-CV-05240 (PMH), 2024 WL 917610, at *8–9 (S.D.N.Y. Mar. 4, 2024), *aff'd*, No. 24-734, 2025 WL 1177958 (2d Cir. Apr. 23, 2025). For example, in *McConkey v. Churchill Sch. & Ctr.*, the court compelled production of documents "regarding complaints about discrimination on the basis of age, gender or sexual orientation or retaliation[.]" No. 24-CV-06091 (LJL), 2025 WL 3281442, at *1 (S.D.N.Y. Nov. 25, 2025). At the same time, the court made clear that the plaintiff was not entitled to discovery into other forms of discrimination, as such matters would be too far afield and thus fail Rule 26's proportionality requirement. *Id.* at n.1.

Here, Plaintiff does not specify that the 2022–23 investigation involved age-related discrimination, or, for that matter, discrimination of any kind. She simply states that it "resulted in the removal of the abusive managers from the facility." (ECF No. 48 at 6.) Further, although Plaintiff asserts that the investigation involved "the identical managers" at issue here (ECF No. 51 at 1 (emphasis removed)), her motion is conspicuously silent as to who they are. The Complaint focuses on misconduct by Guy Turchiano and Jennifer Carolla. (*See generally* ECF No. 1.) Plaintiff's motion to compel does not specify whether these were the same "two abusive managers" who were allegedly removed as a result of the 2022–23 investigation. (ECF No. 48 at 1.) Notwithstanding the special solicitude due to Plaintiff on account of her *pro se* status, it is not the Court's job to guess about a core element of her motion, namely, relevance.

---

that Plaintiff's grievance process and litigation were ongoing during the later investigation does not mean that the later investigation sheds light on the state of affairs *during 2019*, which is when the events giving rise to this litigation took place.

Regardless, even if the 2022–23 investigation did involve allegations against Turchiano and Carolla for age-based discrimination, it would still be too far removed in time.  Even where permitting discovery into subsequent allegations of discrimination, courts consistently impose temporal limits.  The more time that passes between the events giving rise to the plaintiff's claim and the subsequent allegations, the more burden rises while probative value falls.  Hence, in *Solomon v. Fordham Univ.*, the court compelled production of alleged comparators' personnel files, "but only for the two-year period" following the events giving rise to the lawsuit.  No. 18-CV-4615 (ER), 2026 WL 861451, at *6 (S.D.N.Y. Mar. 30, 2026).  And in *Lively v. Wayfarer Studios LLC* the court was even more restrained, granting post-dated discovery of only a few months.  No. 24-CV-10049 (LJL), 2025 WL 2463633, at *4-5 (S.D.N.Y. Aug. 27, 2025) (compelling production of documents about "other individuals' complaints of harassment[ or] discrimination" through February 18, 2025, where the initial Civil Rights Department complaint was filed December 20, 2024).

Here, Plaintiff began working for Defendant in July 2019 and was terminated in September 2019.  (ECF No. 1 at ¶¶ 9, 56.)  The subsequent investigation began no earlier than January 2022.  (ECF No. 51 at 1.)  While that is not quite a gap of "approximately four years" as Defendant contends (ECF No. 50 at 2), it is still a long time.  On balance, the Court finds that the burden to Defendant in producing the requested documents—which include "the full investigative report," "all witness statements and affidavits," "interview notes," and more (ECF No. 48 at 2)—would outweigh the documents' marginal probative value.  Accordingly, Plaintiff's motion to compel is denied.

Finally, because the Court declines to compel Defendant to produce the requested documents, there is also no reason to extend the discovery deadline as Plaintiff requests (*see* ECF No. 48 at 2).  All previously ordered dates and deadlines remain in place.

## **CONCLUSION**

Plaintiff's motion to compel (ECF No. 48) is denied.  The Clerk of the Court is directed to serve copies of this Order upon Plaintiff by regular mail and email.

Dated: Central Islip, New York
      July 15, 2026

**S O   O R D E R E D:**

/s/ *James M. Wicks*

    JAMES M. WICKS
United States Magistrate Judge